UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:20-CR-36-DPJ-LRA

JASON MICHAEL BEASLEY

ORDER

On February 25, 2020, a federal grand jury charged Defendant Jason Michael Beasley, a federal inmate, with violating 18 U.S.C. § 111(a)(1). Defendant seeks to exclude certain evidence in limine. Mot. [21]. His motion is granted without prejudice to the Government's right to revisit these issues at trial.

I.  Background

The Government alleges that on June 18, 2019, prison guards attempted to escort Beasley from his cell to an office for a visual search. Beasley allegedly became combative, shoved a guard, and caused him to "fall backwards in the stairwell." Gov't's Resp. [26] at 2. Once they subdued Beasley, the officers allegedly found a contraband cell phone in his possession.

On July 22, 2020, the Government gave notice to Beasley that it intended to introduce the cell phone at trial along with three prior convictions. Beasley filed his motion in limine to preclude this evidence on September 28, 2020, and it has been fully briefed.

II.  Legal Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted). Significant here, an order granting a motion in limine does not preclude the party sponsoring the evidence from revisiting the issue at trial. But that party must raise the issue outside the jury's presence. *See El-Bawab v. Jackson State Univ.*, No. 3:15-CV-733-DPJ-FKB, 2018 WL 3715836, at *2 n.1 (S.D. Miss. Aug. 3, 2018).

III. Analysis

    A. The Cell Phone

Beasley was charged with assaulting a prison guard, but he was not charged for the cell phone he apparently possessed when the alleged assault occurred. Cell phones are prohibited in federal prisons, so the evidence would constitute a so-called bad act.

Federal Rule of Evidence 404(b)(1) states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." While Rule 404(b)(2) lists certain exceptions to this prohibition, Rule 404(b) "only applies to extrinsic evidence and does not prohibit intrinsic evidence." *United States v. Yi*, 460 F.3d 623, 632 (5th Cir. 2006). Evidence is "'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or other acts were necessary preliminaries to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (quoting *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982)).

In his opening memorandum, Beasley says the Government has not explained how the cell-phone evidence could be intrinsic and has not satisfied Rule 404(b)(2) if it is intrinsic. In its response, the Government argues that "discovery of the cellular phone was part of the same criminal episode and/or seen as inextricably intertwined with the events that immediately

2

preceded the recovery of the cellular phone that day." Gov't's Resp. [26] at 3–4. It explains that the cell phone "completes the narrative as it credibly provides the basis for the initial interaction between the correctional officers and the defendant that day." *Id.* at 4. Beasley did not reply to this argument and instead "relie[d] on the arguments presented in the Motion to Exclude," where he merely asked the Government to explain the intrinsic nature of the evidence, which it did. Def.'s Reply [27] at 1.

If, as the Government contends, Beasley was escorted to the office to be searched for contraband, then evidence that he possessed the cell phone would be intrinsic and would, among other things, be relevant to his behavior—i.e., if he knew he was going to be searched while actually possessing contraband, it might explain his behavior. At this point, however, the Court has only the Government's proffer regarding the nature of the interaction. If at trial the evidence supports the Government's factual assertions, then Rule 404(b)(1) will be no impediment to admissibility of intrinsic evidence. But for now, the motion is granted.

      B.      Prior Convictions

Beasley seeks an order preventing the Government from using his prior convictions for impeachment purposes at trial. While the Government's initial notice included other crimes, the Government's response to Beasley's motion narrows the list to the following:

> 1.      On or about September 26, 2008, Defendant's plea of guilty in the Western District of Tennessee, for Felon in Possession of a Weapon in violation of Title 18 U.S.C. § 922(g);
>
> 2.      On or about June 23, 2008, Defendant's plea of guilty in the Circuit Court of Benton County, Camden Tennessee, for Initiate Process to Manufacture Methamphetamine, Evading Arrest and Theft of Property over $1,000.

Gov't's Resp. [26] at 5.

Federal Rule of Evidence 609 addresses evidence of prior convictions and states in relevant part as follows:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609.  Here, the Government focuses on Rule 609(a)(2).

As an initial point, Beasley's motion must be granted because he has not yet taken the stand and may elect to remain silent.  Informing the jury of these specific convictions would not satisfy Rule 609 because it is a rule of impeachment.  If Beasley does testify, then it is not apparent that the crimes the Government wishes to offer would satisfy Rule 609(a)(2).[1]

---

[1] The Government's response is a little confusing in this respect.  Some of the other crimes might satisfy Rule 609(a)(1), and indeed Beasley felt compelled to address that rule in his reply.  But the Government has not yet asserted that argument, so the Court will not address it.  Second, the Government's notice included additional prior convictions, one of which might conceivably satisfy Rule 609(a)(2)—"Obstruction by Disguise." *See* Gov't's Not. [16] at 2.  The Government did not include that offense in its response, so the Court did not research the elements of that Florida state-law offense to determine whether it satisfies Rule 609(a)(2).  The Government no doubt has its reasons for excluding it.

4

Under Rule 609(a)(2), the prior crime "must be admitted" if the elements of that conviction required proof of "a dishonest act or false statement." The Conference Committee Notes explain that the phrase "dishonesty and false statement" means

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

The Government has not explained how the elements of the convictions for firearm possession, evading arrest, or theft of property involve they type of dishonesty required under Rule 609(a)(2). Accordingly, Beasley's motion is granted on this alternative basis.

IV.   Conclusion

For the reasons stated, Beasley's motion in limine is hereby granted. The Government may not mention the cell phone or the prior convictions in the presence of the jury without first obtaining a ruling from the Court that the evidence has become admissible.

**SO ORDERED AND ADJUDGED** this the 2nd day of November, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE