UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                             CRIMINAL NO. 3:20-CR-36-DPJ-LGI

JASON MICHAEL BEASLEY

ORDER

Defendant Jason Michael Beasley seeks dismissal of the indictment against him, asserting that the statute under which he is charged, 18 U.S.C. § 111, is unconstitutionally vague. Because the Court concludes the statute is not unconstitutionally vague, Beasley's Motion to Dismiss Indictment [32] is denied.

I.      Facts and Procedural History

On February 25, 2020, the federal grand jury handed down a single-count indictment against Beasley, charging him with a felony under 18 U.S.C. § 111(a)(1). The indictment alleges

> [t]hat on or about June 18, 2019, in Yazoo County in the Northern Division of the Southern District of Mississippi, the defendant, JASON MICHAEL BEASLEY, did forcibly assault, resist, oppose, impede, intimidate, and interfere with B.H., a Federal Bureau of Prisons correctional officer and employee of the United States, by engaging in acts involving in physical contact with B.H., all while the officer was engaged in his official duties.

Indictment [2].[1] Contending that 18 U.S.C. § 111 is unconstitutionally vague, Beasley filed his motion to dismiss on November 10, 2020. The Government responded in opposition, and Beasley filed a timely reply.

---

[1] The Government proffered additional facts in its response regarding the alleged altercation between Beasley and the federal prison guard. *See* Gov't's Resp. [33] at 5. Beasley argues in reply that the Court may not consider these averments, *see* Reply [34] at 3, and he may be correct, *see, e.g., United States v. Birbragher*, 603 F.3d 478, 481 (8th Cir. 2010) (holding that in vagueness challenges "we consider the facts as alleged in the indictment"). While the Court will stick to the charges, Beasley's vagueness arguments are even less compelling if the additional facts are considered.

II.     Standards

"The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" *Johnson v. United States*, 576 U.S. 591, 595 (2015) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).  "The 'void-for-vagueness' doctrine 'requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *United States v. Rudzavice*, 586 F.3d 310, 314–15 (5th Cir. 2009) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Finally, where First Amendment freedoms are not involved, a "vagueness claim must be evaluated as the statute is applied to the facts of th[e] case." *Chapman v. United States*, 500 U.S. 453, 467 (1991) (citing *United States v. Powell*, 423 U.S. 87, 92 (1975)).

III.    Analysis

Beasley was charged under 18 U.S.C. § 111(a)(1), which provides:

(a) In general.--Whoever--

> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or account of the performance of official duties; . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.[2]

---

[2] Pursuant to § 1114, § 111 applies to actions taken against

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of

2

Though not charged here, § 111(b) provides an enhanced penalty when a "deadly or dangerous weapon" is used or the defendant "inflicts bodily injury."

There is no dispute that the alleged victim in this case—a federal prison guard—qualified for protection under the statute. But Beasley identifies two alleged ambiguities in § 111 that he says render it unconstitutionally vague. First, he argues that the statute does not "clear[ly] and unambiguous[ly]" distinguish "between what constitutes 'simple assault' and what constitutes 'assault,'" and thus "fails to give ordinary people fair notice of the conduct it punishes." Mot. [32] at 7 (quoting *Johnson*, 576 U.S. at 595). Second, he says the statute does not explain the term "forcibly." *Id.*

    A.    Distinction Between Simple Assault and Assault

The analysis of § 111(a) starts with the statutory language that existed before Congress amended the text in 2008. Under the previous version, the penalty provisions stated: "[W]here the acts in violation of this section constitute only simple assault, [a convicted defendant shall] be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both." 18 U.S.C. § 111(a) (2002) (effective November 2, 2002 to January 6, 2008). Like the current version, there was an enhanced penalty for use of a weapon or when injury occurred. 18 U.S.C. § 111(b).

The Fifth Circuit interpreted this earlier version of § 111 as "creat[ing] three separate offenses: '(1) simple assault [a misdemeanor]; (2) more serious assaults but not involving a dangerous weapon [a felony]; and (3) assault with a dangerous weapon.'" *United States v. Ramirez*, 233 F.3d 318, 321 (5th Cir. 2000) (quoting *United States v. Nunez*, 180 F.3d 227, 233

---

        official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

(5th Cir. 1999)), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367, 372 & n.6 (5th Cir. 2002). The difference between the misdemeanor and the felony rested in the distinction between violations involving "simple assault" and "all other cases" not involving a weapon or injury. *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010).

Notably, the Fifth Circuit and other courts held that the original statue was not unconstitutionally vague. Although the analysis was slim, the Fifth Circuit held in *United States v. Varkonyi*, that § 111 was "sufficiently certain to give a person of ordinary intelligence fair notice that his contemplated activity [was] forbidden." 645 F.2d 453, 457 (5th Cir. 1981) (citing *United States v. Linn*, 438 F.2d 456, 458 (10th Cir. 1971) (rejecting argument that 18 U.S.C. § 111 is unconstitutionally vague)); *see also United States v. Reyes-Lopez*, 141 F. App'x 533, 533 (9th Cir. 2005) (rejecting vagueness argument because "a reasonable person of ordinary intelligence would understand what conduct the [pre-amendment] statute prohibits"); *accord United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999).

It is at least arguable that this Court is bound by *Varkonyi*, even though it addressed the pre-amendment statute, because the present law is even more clear. *See United States v. Whitaker*, No. 3:20-CR-00179-M, 2020 WL 7770247, at *1 (N.D. Tex. Dec. 30, 2020) (Lynn, C.J.) (following *Varkonyi* and rejecting argument that post-amendment version of § 111 is unconstitutionally vague).

But even if *Varkonyi* is not binding, the result remains the same. Under the post-amendment language, the misdemeanor offense still applies when someone "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer]" if the conduct "constitute[s] only simple assault." 18 U.S.C. § 111(a)(1). But the felony offense applies "where such acts involve *physical contact* with the victim of that assault or the [defendant had]

4

intent to commit another felony." *Id.* (emphasis added).  Thus, Congress "explicitly dr[ew] the misdemeanor/felony line at physical contact."  *Williams*, 602 F.3d at 317.

Turning back to Beasley, the Court must evaluate his claim that § 111 is vague as "applied to the facts of [his] case."  *Chapman*, 500 U.S. at 467 (citation omitted).  And the Indictment charges Beasley with the felony offense because his alleged acts "involve[ed] . . . physical contact."  Indictment [2].  Any vagueness as to the misdemeanor offense is therefore irrelevant.  *Chapman*, 500 U.S. at 467.  As to the felony, a reasonable person would understand that charges could be brought against a federal prisoner who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a federal correctional officer acting in the line of duty "where such acts involve physical contact with the victim of that assault."  18 U.S.C. § 111(a)(1); *see also Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) (holding that statute is not vague if "reasonable persons would know that their conduct is at risk").  The statute is not vague for failure to differentiate between offenses involving "simple assaults" and those involving "physical contact."  18 U.S.C. § 111.[3]

B.   The Term "Forcibly"

Beasley next says the undefined adverb "forcibly" renders the statute unconstitutionally vague.  To support that position, he cites a district court case from Texas in which the court noted that the Fifth Circuit in *Williams* did not "directly address[] what type of conduct satisfies the meaning of 'forcibly' or 'force' in terms of the statute."  *United States v. Marquez*, 207 F.

---

[3] Beasley argues that "the physical contact requirement does not make the statute any less vague . . . because physical contact initiated by an officer or prison guard 'would not have been "forcibly" initiated by the defendant and thus would not be proscribed by the statute.'"  Def.'s Reply [33] at 2 (quoting *Williams*, 602 F.3d at 317).  That argument merely highlights a fact question for trial—whether the Government can prove Beasley's acts were forcible.  It does not render the statute vague.

Supp. 3d 715, 724 (S.D. Tex. 2016).  Although the defendant there argued that the statute was vague, the *Marquez* court avoided the issue by concluding that the defendant's conduct did not rise to the level of "force" under any definition of the term because he never resisted or made contact with the alleged victims.  *Id.* at 717, 720.  That's not true here.  As noted, the Government charged Beasley with violating the statute "by engaging in acts *involving physical contact*."  Indictment [2] (emphasis added).

Moreover, the fact that Congress failed to define "forcibly" is not fatal.  Criminal statutes need not define every term, so long as they "define[ ] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (holding that undefined term did not render criminal statute unconstitutionally vague).  And there is no constitutional need to define statutory terms that "are not obscure . . . and are readily understandable by most people."  *United States v. Conlan*, 786 F.3d 380, 386 (5th Cir. 2015).  That meaning "can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves [when they] possess a common and generally accepted meaning."  *Id.* at 386 n.7 (punctuation altered) (quoting *United States v. Bowker*, 372 F.3d 365, 381 (6th Cir. 2004), *cert. granted, judgment vacated*, 543 U.S. 1182 (2005)).  That is the case here.  The term "forcibly" is generally understood and also carries a recognized common-law meaning.  *See United States v. Najera-Mendoza*, 683 F.3d 627, 632 (5th Cir. 2012) (explaining common-law meaning of "force" and "forcibly").  Again, an ordinary person would know that the charged conduct in this case would violate the statute.

III.	Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Beasley's Motion to Dismiss Indictment [32] is denied.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2021.

>	s/ *Daniel P. Jordan III*
>	CHIEF UNITED STATES DISTRICT JUDGE